Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 03198 | **DATE** | 05/02/2013 |
| **CASE TITLE** | Anzaldi vs. Shapiro, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this Order, the plaintiff's complaint [1] is dismissed with prejudice. Case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

### I. Background

Sharon Anzaldi filed the instant complaint against the United States, United States Attorney Gary S. Shapiro, and Assistant United States Attorney ("AUSA") Rachel M. Cannon, alleging violations of her civil rights and seeking preliminary and permanent injunctive relief. Compl. at 4. Anzaldi's complaint references and appears to be based on criminal proceedings currently pending against her and set for trial on June 3, 2013. *See* Order, *United States v. Anzaldi, et al.,* 11 CR 00820 (N.D. Ill. April 30, 2013), Dkt. 123. In those proceedings, Anzaldi is being prosecuted for knowingly filing false, fictitious, and fraudulent tax returns, pursuant to an indictment filed on November 17, 2011. *See* Indictment, *United States v. Anzaldi, et al.,* 11 CR 00820, Dkt. 1. For the reasons set forth below, the Court, *sua sponte*, dismisses Anzaldi's complaint with prejudice.

### II. Analysis

This Court may *sua sponte* dismiss a plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) "provided that a sufficient basis for the court's action is evident from the plaintiff's pleading," *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Apostol v. Landau,* 957 F.2d 339, 343 (7th Cir. 1992)), and "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). To satisfy the notice-pleading standard, a plaintiff must provide a "'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 622 (7th Cir. 2012) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2). The complaint must also "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Jackson v. Bank of Am., Corp.,* 711 F.3d 788, 791 (7th Cir. 2013) (citations omitted). To that end, when reviewing a complaint

under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Id.* (citing *Reynolds v. CB Sports Bar, Inc.,* 623 F.3d 1143, 1146 (7th Cir. 2010) (internal brackets omitted)).

In this case, the plaintiff's complaint contains no well-pleaded allegations. Indeed, her thirteen-page pleading consists almost entirely of a string of citations to unrelated legal authorities and contains no facts or allegations that pertain to the named defendants at all. While the complaint provides a general description of the plaintiff's arrest and arraignment, *see* Compl. at ¶¶ 1-6, the remainder of the pleadings contains fatuous legal conclusions, such as the assertion that under a "commercial crime…people are converted to an object for commercial use, and due process is usurped." *See id.* at ¶ 12. Put simply, the plaintiff's complaint fails to state a comprehensible claim, let alone a plausible one.

At most, the complaint suggests that Anzaldi's claim arises from the conduct of the criminal prosecution pending against her. That is a sufficient basis to vest this Court with jurisdiction to adjudicate the claim under 28 U.S.C. § 1331, *El v. AmeriCredit Fin. Servs., Inc.,* 710 F.3d 748, 751 (7th Cir. 2013), but not to state a viable claim that should be permitted to go forward. For to the extent that she purports to be asserting some sort of federal claim based on her criminal prosecution, it is clear that no relief could be granted to Anzaldi against the named defendants. *See Ledford,* 105 F.3d at 356. First, the United States is sovereign and immune from suit without its consent. And the "United States has not waived its sovereign immunity with respect to damages for constitutional violations." *Bartoli v. Att'y Registration and Disciplinary Comm'n,* No. 97 C 03412, 1998 WL 100246, at *6 (N.D. Ill. Feb. 24, 1998) (citing *Marozsan v. United States,* 849 F. Supp. 617, 637 (N.D. Ind. 1994), *aff'd*, 90 F.3d 1284 (7th Cir. 1996), *cert. denied,* 520 U.S. 1109 (1997)); *see also Richards v. United States,* No. 08 C 06810, 2009 WL 2985945, at *6 (N.D. Ill. Sept. 11, 2009) ("But the United States has not waived its sovereign immunity to damage claims in constitutional tort actions." (citing *FDIC v. Meyer,* 510 U.S. 471, 484-86 (1994))). Further, because the plaintiff appears to be alleging that the criminal proceedings against her have been procedurally defective, *see, e.g.,* Compl. at ¶ 5, her remedy is to lodge appropriate objections in that proceeding, not to sue the prosecutors. "[P]rosecutors are entitled to absolute immunity when they are performing functions—such as determining whether charges should be brought and initiating a prosecution—'intimately associated with the judicial phase of the criminal process.'" *Lewis v. Mills,* 677 F.3d 324, 330 (7th Cir. 2012) (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 270 (1993)). United States Attorney Shapiro and AUSA Cannon are entitled to absolute prosecutorial immunity because, so far as this complaint permits any inference, they were, and are, acting in their prosecutorial capacities.

At bottom, Anzaldi's complaint is frivolous as a matter of law and warrants no further investment of scarce judicial resources by this or any other Court. *Moseley v. City of Chi.,* No. 91 C 00940, 1991 WL 53765, at *4 (N.D. Ill. April 4, 1991) ("Accordingly, in the interest of saving the defendants the cost of defending a frivolous lawsuit and of conserving judicial resources, the complaint is dismissed on this court's own initiative."); *see also, e.g., Mallard v. United States District Court,* 490 U.S. 296, 307-08 (1989) ("there is little doubt" that courts have the power to dismiss a frivolous action *sua sponte*); *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 364 (2d Cir. 2000) ("Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial

resources."); *Trippe Mfg. Co. v. Am. Power Conversion Corp.,* 46 F.3d 624, 629 (7th Cir. 1995) ("Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources." (citing *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.,* 572 F. Supp. 1210, 1213 (N.D. Ill. 1983))); *Birdo v. Carl,* 32 F.3d 565, 1994 WL 442358, *4 (5th Cir. 1994) (unpublished opinion) ("When frivolous complaints consume inordinate amounts of scarce judicial resources, valid complaints suffer from delay and all the negative aspects of delay."). Accordingly, the complaint is dismissed with prejudice. Case terminated.

| | Courtroom Deputy Initials: | AIR |
|---|---|---|